IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANGELO DAVID MACIAS,

    Petitioner,                    No. CIV S-11-3141 KJM EFB P

    vs.

GROUNDS,

    Respondent.            <u>ORDER</u>

                                /

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has requested that the court appoint counsel. Submitted with his request is the declaration of Allison Ting, an attorney appointed by the California Court of Appeals to represent petitioner in the direct appeal of his conviction. Although Ms. Ting has not appeared in this action as an attorney of record, the docket reveals that Ms. Ting has assisted petitioner with multiple filings. Ms. Ting declares, however, that she will be unable to provide petitioner further legal assistance without compensation. She therefore requests that the court appoint her to represent petitioner in these proceedings.

      There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). The court may appoint counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also*,

1

Rule 8(c), Rules Governing Section 2254 Cases. The court does not find that the interests of justice would be served by the appointment of counsel at this stage of the proceedings. However, after the court has ruled on petitioner's pending motions, should petitioner believe that the interest of justice requires the appointment of counsel, he is free to renew his motion for appointment of counsel.

Notwithstanding the denial of petitioner's motion for appointment of counsel, petitioner may substitute Ms. Ting in as counsel of record should she agree to represent him without being appointed by the court. Petitioner and Ms. Ting are advised that for her to represent petitioner at this juncture, they must comply with Local Rule 182 and submit the proper substitution of counsel form.

Accordingly, it hereby is ORDERED that petitioner's April 23, 2012, request for appointment of counsel is denied without prejudice.

Dated: May 8, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2