IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANGELO DAVID MACIAS,

    Petitioner,                    No. 2:11-cv-3141 KJM AC P

   vs.

GROUNDS, Warden,             ORDER &

    Respondent.            FINDINGS AND RECOMMENDATIONS

                                   /

        Petitioner, a state prisoner now proceeding with counsel, challenges his state conviction under 28 U.S.C. § 2254. The original petition was filed by petitioner pro se in December 2011 and states two claims for relief. ECF No. 7.[1] Respondent's answer was filed on March 1, 2012. ECF No. 12. Petitioner's reply was filed by petitioner's former appellate counsel Allison H. Ting (as attorney *pro bono temporalis* pending request for appointment of counsel) on April 27, 2012, and included a request for leave to amend, a request for an evidentiary hearing and a request for a stay pending exhaustion of an unexhausted due process

---

[1] The petition was signed and dated on December 11, 2011, and was filed in this court on December 30, 2011. It is deemed filed on the date it was submitted to prison authorities for mailing, not on the date it was received and docketed by the court. Houston v. Lack, 487 U.S. 266, 275-76 (1988); Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

1

claim. ECF No. 20. Petitioner's request for appointment of counsel was denied but petitioner was advised that his appellate counsel could substitute in as his habeas counsel if she agreed to represent him without court appointment. ECF No. 23. Ms. Ting was formally substituted in as petitioner's habeas counsel by order filed on June 8, 2012. ECF No. 25. On August 15, 2012 petitioner through counsel filed another motion for leave to amend, representing that the due process claim, Claim Three, had been exhausted. This case was reassigned to the undersigned by order filed on November 27, 2012. ECF No. 32.

Pending before the court are matters that both precede and follow the substitution of petitioner's counsel and exhaustion of the new claim:

- a motion to stay or withdraw the petition, filed by petitioner pro se on April 2, 2012 (ECF No. 15);

- a motion to (1) withdraw the motion to withdraw and (2) stay the case, supported by a declaration of Ms. Ting but filed by petitioner pro se on April 10, 2012 (ECF No. 17);

- petitioner's fully-briefed pre-exhaustion motion for leave to amend, for an evidentiary hearing, and for a stay, filed by Ms. Ting specially appearing in reply to the answer on April 27, 2012 (ECF No. 20);[2]

- petitioner's fully-briefed post-exhaustion motion for leave to amend, accompanied by a proposed amended petition, filed on August 15, 2012 (ECF No. 26).[2]

The first three of these motions are based on petitioner's desire to exhaust a purportedly newly-discovered claim prior to further proceedings in the case. That claim has now been exhausted. Accordingly, the motions at ECF Nos. 15, 17 and 20 are all moot. To the extent that the April 27, 2012 motion (ECF No. 20) seeks relief other than time to exhaust, it has been superceded by petitioner's August 15 motion to amend and is moot for that reason as well.

---

[2] Respondent's opposition (ECF No. 21) was filed on April 30, 2012, after which petitioner filed a reply (ECF No. 22), on May 1, 2012.

[2] Respondent's opposition (ECF No. 29) and supplemental lodged documents (ECF No. 30) were filed on September 27, 2012. Petitioner filed a reply on October 8, 2012 (ECF No. 31).

2

1 Accordingly, the mooted motions will be vacated as a housekeeping matter.  The substantive

2 matter before the court is the motion to amend in order to add the newly exhausted claim.

MOTION TO AMEND (ECF No. 26)

*Background*

On August 6, 2008, petitioner entered no contest pleas in Sacramento County Superior Court to willfully evading a police officer in pursuit with wanton disregard for safety of persons and property (Cal. Veh. Code § 2800.2(a)), and misdemeanor resisting arrest Cal. Pen. Code § 148(a).  Petitioner admitted two prior convictions that had been charged as "strikes" under California's "three strikes" recidivist sentencing law.  On September 5, 2008, petitioner was sentenced to a state prison term of 25 years to life plus one year to be served consecutively. Petition, p. 1; Answer, pp. 8, 11,[3] citing respondent's Lodged Document (hereafter, Lodg. Doc.) No. 2/Exhibit (Ex.) A (Third District Court of Appeal unpublished opinion) A; Clerk's Transcript (CT) at 24-25, 168-169, 212 (Abstract of Judgment); Reporter's Transcript (RT) at 15-17.

On appeal, petitioner (1) challenged the trial court's failure to strike one of his prior convictions and (2) argued that a life sentence for his offense constituted cruel and unusual punishment.  These are the two claims that were presented in the original petition in this court. The proposed amended complaint contains these claims and also presents a claim regarding the exclusion of petitioner's mother and other family members from the sentencing proceeding.

*Standards Governing Leave to Amend*

Under 28 U.S.C. § 2242, an application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."  See also Rule 12 of the Rules Governing § 2254 Cases (recognizing general applicability in habeas of rules of civil procedure).  Petitioner's motion is governed by Fed. R. Civ. P. 15(a)(2), which

---

[3] Referencing the pagination of the court's electronic docketing system.

3

permits an amended pleading "only with the opposing party's written consent or the court's leave."[4] In considering whether to grant leave to amend, under Rule 15(a)(2), the court "should freely give leave when justice so requires." See, e.g., Outdoor Systems, Inc. v. City of Mesa, 997 F.2d 604, 614 (9th Cir.1993) (the Ninth Circuit reviews a denial of leave to amend "for abuse of discretion and in light of the strong public policy permitting amendment."). Factors to be considered include "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

*Discussion*

The proposed amended complaint presents revised versions of Claims One and Two, which were exhausted on direct appeal. Respondent acknowledges that these revised claims are "substantially the same" as those raised previously. ECF No. 29, p. 1. He opposes amendment only as to Claim Three, which alleges that the trial court violated petitioner's Sixth Amendment right to a public trial when petitioner's mother, sister and other family members were excluded by the bailiff, an agent of the court, from the sentencing hearing. Respondent contends that leave to amend would be futile as to Claim Three because it is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).

The statute provides in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[4] Fed. R. Civ. P.15 (a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Petitioner's proposed amendments fall outside these parameters. Accordingly, leave of court is required.

4

. . . .

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's conviction became final on March 15, 2011, ninety days after the state Supreme Court denied his petition for review on direct appeal on December 15, 2010 (Lodg. Doc. 4). See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) ("holding] that the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the [ninety-day] period within which a petitioner can file a petition for a writ of certiorari with the United States Supreme Court, whether or not the petitioner actually files such a petition."). The statute of limitations began to run on March 16, 2011, the day after the day of finality of direct review. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Therefore, absent tolling, petitioner had until March 15, 2012, to file a timely federal petition.[5] ECF No. 29, p. 5. The original petition containing Claims One and Two was filed well before that date, but Claim 3 was submitted on August 15, 2012, five months after the deadline.

Petitioner does not contend that Claim Three is timely under Fed. R. Civ. P. 15(c)(1), the relation-back provision. See Mayle v. Felix, 545 U.S. 644, 657-64 (2005) (newly added claims "relate back" to date of timely filed claims only if they arise from the same core of operative facts). Instead, plaintiff argues that Claim Three is timely under § 2244(d)(1)(D) because key facts underlying the claim did not come to light until March 23, 2012. ECF No. 26, pp. 3-4 (citing Declaration of Allison H. Ting, ECF No. 17 at 8-10).

Section 2244(d)(1)(D) provides an alternative triggering event for the one-year limitations period. See generally, Lee v. Lampert, 653 F.3d 929, 933 (9th Cir. 2011). Under this provision the limitations period begins to run "when the factual predicate of a claim 'could have been discovered through the exercise of due diligence,'" not when it was actually discovered.

---

[5] Respondent mistakenly posits March 16, 2012 as the statutory deadline. ECF No. 29, p. 5.

5

Ford v. Gonzalez, 683 F.3d 1230, 1235 (9th Cir. 2012), cert. denied, 133 S. Ct. 769 (2012).  Due diligence does not demand "the maximum feasible diligence" but "does require reasonable diligence in the circumstances."  Id.  Section 2244(d)(1)(D) applies only if, by the end of the appellate process, "vital facts could not have been known."  Id. (citing Schlueter v. Varner, 384 F.3d 69, 74 (3rd Cir. 2004) (quoting Owens v. Boyd, 235 F.3d 356, 359 (7th Cir.2000)).  "Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance."  Hasan v. Galaza, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001) (quoting Owens, 235 F.3d at 359).

       The facts offered in support of a belatedly discovered factual predicate are as follows.  Petitioner's counsel, who represented him on direct appeal, was contacted by petitioner's mother before counsel filed the petition for review in the state Supreme Court.  Petitioner's mother reported that she had been excluded from petitioner's sentencing hearing.  At that time, petitioner's mother provided the phone number of her own attorney.  Ms. Ting contacted attorney Paul Gomez, who told her that the incident was related to a disturbance which had involved petitioner's mother.  After researching the public trial laws, Ms. Ting advised petitioner that his mother's exclusion following a disturbance did not present a cognizable legal issue.  It was only in letter received on or about March 25, 2012[6] that Ms. Ting learned from Mr. Gomez that petitioner's mother, along with other family members, had been excluded from petitioner's sentencing proceeding *before* any disturbance had taken place.  Immediately thereafter, Ms. Ting conveyed to petitioner that he might have a meritorious claim of a violation of his right to a public trial and that he should file a state habeas corpus petition.  Having understood from his mother that petitioner had already filed a state court habeas petition, counsel advised petitioner that he should withdraw it.  When, on April 8, 2012, she learned that he had

---

[6] A copy of the letter from Sacramento County Assistant Public Defender Gomez, dated March 23, 2012, is included as Ex. J to the proposed amended petition. ECF No. 26-3, p. 45.

sought to withdraw his federal petition, she advised him to withdraw his motion to withdraw the federal petition and instead to seek a stay. ECF No. 17, Ting Dec. at ¶¶ 2-11. Petitioner proceeded expeditiously to seek relief in state court. Both parties have provided copies of his state court habeas petitions.[7]

Counsel for petitioner contends that she exercised due diligence by asking attorney Gomez about the incident, and that it was reasonable for her to have relied on his initial representation that petitioner's mother's exclusion occurred because she had caused a disturbance. Petitioner further asserts that he diligently sough to exhaust his state court remedies as soon as the facts underlying his claim were discovered.

Petitioner has demonstrated that his counsel did not know the facts giving rise to Claim Three until receipt of the March 23, 2012 letter from Mr. Gomez. The question is not when the facts were discovered, however, but when they could have been discovered by reasonably diligent inquiry. Ford, 683 F.3d at 1235. Petitioner was in the courtroom for his sentencing and necessarily aware that his mother and other family members were not present. Where courtroom events put petitioner on notice of a potential issue, § 2244(d)(1)(D) does not apply. See id. at 1236 (no belated trigger date where witness testimony should have alerted petitioner to the possibility of an undisclosed deal). Petitioner has made no showing of any circumstances that prevented him from asking his mother what had happened, and discovering the relevant chronology. The proposed amended petition is supported by declarations from petitioner's mother, stepfather, and three other individuals regarding their exclusion from the courtroom. ECF 26-3 at 48-57 (Exhibits K through O). Counsel contends that she was previously unaware of the underlying facts because she was misled by Mr. Gomez, but there is

---

[7] Because the federal statute of limitations had already expired when the first state petition was filed on April 9, 2012, the pendency of the state petitions has no effect on the timeliness analysis. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (AEDPA's tolling provision for pending state court proceedings can only pause a clock not yet fully run; it cannot "revive" the limitation period once it has expired); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (same).

no discernible reason why she could not have spoken directly to the relatives and friends of petitioner who had attempted to attend the sentencing hearing, and obtained the pertinent information earlier.

Even assuming that Ms. Ting's efforts satisfied whatever duty she had as petitioner's appellate lawyer to investigate a potential extra-record claim, there is no reason why petitioner could not have made the necessary inquiries himself. See Ford, 683 F.3d at 1236 (no belated trigger date where petitioner and his wife had access to witness and therefore could have discovered predicate of claim). The undersigned notes that the record is devoid of any declaration from petitioner stating that he was personally unaware of the underlying facts, let alone that he was prevented from discovering them. Because the factual predicate was available to petitioner from the time of his sentencing, the fact that he did not inquire or obtain evidence of the alleged constitutional violation until later does not support a belated trigger date. See Flanagan v. Johnson, 154 F.3d 196, 198-99 (5th Cir. 1998) (no belated trigger date where petitioner claimed his attorney did not advise him of his right not to testify).

This is not a case in which the facts were in the control of the state, or could only be discovered through means (such as investigation, forensic testing, or expert evaluation) unavailable to a pro se prisoner. See e.g., Douglas v. Workman, 560 F.3d 1156, 1181 (10th Cir. 2009) (per curiam) (§ 2244(d)(1)(D) applies where prosecutor withheld evidence underlying the claim); Starns v. Andrews, 524 F.3d 612, 617-20 (5th Cir. 2008) (§ 2244(d)(1)(D) applies where prosecutor actively misled petitioner regarding factual predicate); Ege v. Yukins, 485 F.3d 364, 373-74 & n.4 (6th Cir. 2007) (factual predicate was effectively undiscoverable by prisoner until she obtained a letter from another county's prosecutor warning of expert's unreliability); Moore v. Knight, 368 F.3d 936, 939-40 (7th Cir. 2004) (petitioner could not have learned of judge's *ex parte* contacts with jurors until investigator interviewed jurors). On the contrary, the witnesses in possession of the relevant facts in this case were petitioner's own friends and family members. Under these circumstances, petitioner has failed to demonstrate that the factual predicate of his

claim could not have been discovered through the exercise of reasonable diligence during the limitations period.

Accordingly, IT IS ORDERED that:

1. Petitioner's motions at ECF Nos. 15, 17 and 20 having been rendered moot for the reasons explained above, they are hereby vacated from the court's calendar.

IT IS RECOMMENDED that petitioner's motion for leave to amend, ECF No. 26:

1. Be granted as to Claims One and Two of the proposed amended petition only;

2. Be denied as to Claim Three, and Claim Three of the proposed amended petition stricken and;

3. The proposed amended petition, as herein modified, be deemed filed nunc pro tunc to the date of its submission on August 15, 2012. as of the date of adoption of these findings and recommendations, should that occur.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 5, 2013.

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
maci3141.mtns