UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELO DAVID MACIAS,<br><br>    Petitioner,<br><br>  v.<br><br>GROUNDS,<br><br>    Respondent. | No. 2:11-cv-03141 KJM AC P<br><br>FINDINGS AND RECOMMENDATIONS |

  Petitioner is a state prisoner proceeding with counsel and seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The action proceeds on the first amended petition, ECF No. 26-1, as modified by prior order of the court, ECF Nos. 33, 34. Petitioner challenges his 2006 "three strikes" sentence, imposed following conviction for evasion of a police officer and resisting arrest. Respondent has answered, ECF No. 40, and petitioner has filed a reply, ECF No. 41.

BACKGROUND

  In August of 2006, Sacramento police officers went to petitioner's home to arrest him as a parolee at large. When they arrived, petitioner was leaving in a car. The officers followed, and petitioner accelerated. For approximately 14 miles, petitioner drove on freeways at speeds of up to 110 miles per hour and residential streets at speeds up to 70 miles per hour. He wove in and out of traffic, and crashed into a number of other vehicles. After the final collision, petitioner fled on foot. Officers, including canine officers, pursued petitioner across the freeway. He was

apprehended by a canine officer. Petitioner punched the canine, and kicked and punched the officers who then subdued him and took him into custody. See Lodged Doc. 2 (unpublished opinion of California Court of Appeal, Third Appellate District) at 2-3.

Petitioner was charged by information in Sacramento County with (1) willfully evading a police officer in pursuit with wanton disregard for safety of persons and property in violation of Cal. Veh. Code § 2800.2(a), and (2) misdemeanor resisting arrest in violation of Cal. Pen. Code § 148(a). On August 6, 2008, petitioner entered no contest pleas and admitted two prior convictions that had been charged as "strikes" under California's "three strikes" recidivist sentencing law. On September 5, 2008, petitioner was sentenced to a state prison term of 25 years to life plus one year to be served consecutively. Clerk's Transcript ("CT") at 24-25, 168-169, 212; Reporter's Transcript ("RT") at 2-8,15-17, 39-45.

On appeal, petitioner challenged his sentence on several grounds. Lodged Doc. 1. The California Court of Appeal affirmed the sentence in an unpublished opinion on September 29, 2010. Lodged Doc. 2. The California Supreme Court denied review on December 15, 2010. Lodged Doc. 4.

On November 28, 2011, petitioner initiated the present case by filing a pro se Motion for Extension of Time To File Writ of Habeas Corpus. ECF No. 1. A timely pro se petition was filed on December 30, 2011, presenting two claims that had been exhausted on direct appeal. ECF No. 7.[1] Petitioner sought appointment of his appellate lawyer to represent him in this court. The appointment was denied, and appellate counsel subsequently appeared on a pro bono basis. ECF Nos. 23-25.

On April 9, 2012, petitioner filed a habeas petition in the Sacramento County Superior

---

[1] Petitioner's conviction became final on March 15, 2011, ninety days after the state Supreme Court denied his petition for review. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) ("holding] that the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the [ninety-day] period within which a petitioner can file a petition for a writ of certiorari with the United States Supreme Court, whether or not the petitioner actually files such a petition."). The statute of limitations began to run on March 16, 2011, the day after the day of finality of direct review. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Accordingly, petitioner had until March 15, 2012, to file a timely federal petition.

Court, presenting the claim that his family members had been excluded from the courtroom at sentencing in violation of petitioner's federal constitutional right to a public trial. Lodged Doc. 5. The petition was denied on July 3, 2012. Lodged Doc. 6. Petitioner also presented this claim to the California Supreme Court, which denied it without comment or citation on July 11, 2012. Lodged Docs. 7-9. Petitioner thereafter sought leave to amend his federal petition to add the newly exhausted claim. ECF No. 26. This court denied leave to amend, finding that the newly exhausted claim was barred by the statute of limitations. ECF Nos. 33, 34.

## STANDARDS GOVERNING HABEAS RELIEF UNDER THE AEDPA

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides in relevant part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The statute applies whenever the state court has denied a federal claim on its merits, whether or not the state court explained its reasons. Harrington v. Richter, 131 S. Ct. 770, 785 (2011). State court rejection of a federal claim will be presumed to have been on the merits absent any indication or state-law procedural principles to the contrary. Id. at 784-785 (citing Harris v. Reed, 489 U.S. 255, 265 (1989) (presumption of a merits determination when it is unclear whether a decision appearing to rest on federal grounds was decided on another basis)). "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." Id. at 785.

The phrase "clearly established Federal law" in § 2254(d)(1) refers to the "governing legal principle or principles" previously articulated by the Supreme Court. Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003). Clearly established federal law also includes "the legal principles and

3

standards flowing from precedent." Bradley v. Duncan, 315 F.3d 1091, 1101 (9th Cir. 2002) (quoting Taylor v. Withrow, 288 F.3d 846, 852 (6th Cir. 2002)). Only Supreme Court precedent may constitute "clearly established Federal law," but circuit law has persuasive value regarding what law is "clearly established" and what constitutes "unreasonable application" of that law. Duchaime v. Ducharme, 200 F.3d 597, 600 (9th Cir. 2000); Robinson v. Ignacio, 360 F.3d 1044, 1057 (9th Cir. 2004).

A state court decision is "contrary to" clearly established federal law if the decision "contradicts the governing law set forth in [the Supreme Court's] cases." Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision "unreasonably applies" federal law "if the state court identifies the correct rule from [the Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407-08. It is not enough that the state court was incorrect in the view of the federal habeas court; the state court decision must be objectively unreasonable. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003).

Review under § 2254(d) is limited to the record that was before the state court. Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011). The question at this stage is whether the state court reasonably applied clearly established federal law to the facts before it. Id. In other words, the focus of the § 2254(d) inquiry is "on what a state court knew and did." Id. at 1399. Where the state court's adjudication is set forth in a reasoned opinion, §2254(d)(1) review is confined to "the state court's actual reasoning" and "actual analysis." Frantz v. Hazey, 533 F.3d 724, 738 (9th Cir. 2008) (en banc). A different rule applies where the state court rejects claims summarily, without a reasoned opinion. In Richter, supra, the Supreme Court held that when a state court denies a claim on the merits but without a reasoned opinion, the federal habeas court must determine what arguments or theories may have supported the state court's decision, and subject those arguments or theories to § 2254(d) scrutiny. Richter, 131 S. Ct. at 786.

## DISCUSSION

I.     Claim One: Fourteenth Amendment Due Process Claim

    A. Petitioner's Allegations

Petitioner contends that the trial court abused its discretion in violation of the Fourteenth

4

1  Amendment and <u>Hicks v. Oklahoma</u>, 447 U.S. 343 (1980), by imposing a three-strikes life
2  sentence on the basis of two prior convictions that arose from a single act involving a single
3  victim.  The information originally alleged the following prior convictions as "strikes": attempted
4  murder, assault with a firearm, and shooting at an occupied vehicle.  CT 31-32.  All three
5  convictions were sustained in the same 1994 case, which involved petitioner's shooting at a
6  vehicle occupied by two men in an attempt to kill one of them.  Petitioner brought a pretrial
7  motion to dismiss two of the three priors on grounds that all three offenses involved the same
8  conduct and the same victim.  <u>See</u> CT 38-49.  The court granted the motion as to the prior assault
9  conviction, which involved the same single victim as the attempted murder.  CT 94-96.  The court
10 denied, however, petitioner's request to dismiss the shooting at a vehicle charge on the same
11 grounds, finding that it involved two victims and therefore supported a second strike under
12 California law.  CT 96-97 (ruling on pretrial motion to dismiss prior strikes); RT 36-39 (ruling at
13 sentencing).  The court also considered but declined to exercise its discretion to strike priors
14 under <u>People v. Superior Court (Romero)</u>, 13 Cal. 4th 497 (1996).  RT 39-44.

15      Petitioner argues that he enjoyed a federally-protected liberty interest in a state law rule
16 applicable at the time of his offense that precluded consideration of convictions involving a single
17 act against a single victim as distinct strikes.  <u>See</u> <u>People v. v. Burgos</u>, 117 Cal. App. 4th 1209
18 (2004).  He contends that he was arbitrarily deprived of his liberty by application of state
19 sentencing laws in violation of due process.

20      B.  Exhaustion

21      On direct appeal, petitioner argued that the trial court had erred in counting as strikes his
22 prior convictions for attempted murder and shooting at an occupied vehicle.  Petitioner contended
23 that the third strike sentence violated state law[2] as well as the federal constitutional guarantee of
24 double jeopardy and the derivative doctrines of res judicata, collateral estoppel and law of the

---

[2] <u>See</u> <u>People v. Benson</u>, 18 Cal. 4th 24 (1998) (holding that multiple counts arising from an indivisible course of conduct may be counted as distinct priors, but leaving open the question whether multiple convictions arising from a single act may be so counted); <u>People v. v. Burgos</u>, 117 Cal. App. 4th 1209 (2004) (where two prior convictions arise from single act, it is an abuse of discretion not to strike one of the priors).

5

case. Lodged Doc. 1. Petitioner did not rely on Hicks v. Oklahoma, supra, or otherwise specify the constitutional basis for the due process claim presented here. Respondent contends that the claim is therefore unexhausted.

Exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999) (citing Picard v. Connor, 404 U.S. 270, 275-276 (1971)). Exhaustion therefore requires that petitioner specify the federal constitutional basis of his claim in state court. Duncan v. Henry, 513 U.S. 364, 366 (1995); Fields v. Washington, 401 F.3d 1018 (9th Cir.), cert. denied, 546 U.S. 1037 (2005). Because petitioner did not present his federal due process theory under Hicks in his petition for review, he did not exhaust the claim on appeal.

In his 2012 amended exhaustion petition to the California Supreme Court, petitioner claimed that appellate counsel's failure to present a Hicks theory constituted ineffective assistance of counsel.[3] Lodged Doc. 8 at 4. The merits of the Hicks claim were thus squarely placed in issue. See Smith v. Robbins, 528 U.S. 259, 285-86 (2000) (to prevail on grounds of ineffective appellate counsel, petitioner must show reasonable probability that he would have prevailed on appeal absent counsel's error). Although petitioner did not plead a free-standing Hicks claim as a separately enumerated Ground for Relief, the petition did expressly request a ruling on the merits of the Hicks claim. Lodged Doc. 8 at 4.[4] While presentation of an ineffective assistance claim to the state court does not (without more) exhaust the underlying

---

[3] Ineffective assistance of appellate counsel, if independently pleaded, exhausted, and proved, can constitute "cause" for purposes of the cause and prejudice showing necessary to overcome a procedural default. Murray v. Carrier, 477 U.S. 478, 488 (1986); Edwards v. Carpenter, 529 U.S. 446, 451 (2000). Ineffective assistance of appellate counsel, however, does not excuse non-exhaustion.

[4] "Petitioner asks this Court to rule that his appellate counsel was ineffective for failing to cite [Hicks] in support of his sentencing claim and then to rule on the merits of the claim that the trial court violated his Due Process rights when it failed to strike on of two strike priors that were based on the same, single, physical act, and, according to the jury verdicts, were against a single victim." Id.

6

1  constitutional claim, Rose v. Palmateer, 395 F.3d 1108, 1111-12 (9th Cir.), cert. denied, 545 U.S.
2  1114 (2005), petitioner argues that his express request for a ruling satisfied the fair presentation
3  requirement.
4      It is unnecessary for this court to determine whether petitioner's request for a merits
5  ruling, included within an ineffective assistance of counsel claim, exhausted the Hicks issue. If
6  the claim is exhausted, relief is barred by 28 U.S.C. § 2254(d) for the reasons explained below. If
7  the claim is unexhausted, it may also be denied on the merits because it is clear that petitioner has
8  no chance of prevailing. See § 2254(b)(2) (application for habeas relief may be denied on the
9  merits notwithstanding failure to exhaust); see also Cassett v. Stewart, 406 F.3d 614, 623-24 (9th
10  Cir. 2005) (unexhausted claim may be denied on the merits where petitioner has no chance of
11  obtaining relief).

12      C.  The Clearly Established Federal Law
13      In Hicks v. Oklahoma, the Supreme Court held that a state statute requiring sentencing by
14  jury, and providing the jury with sentencing discretion, created a liberty interest protected by the
15  Due Process Clause. Hicks, 447 U.S. at 346. The Court further held that petitioner was denied
16  his due process right to discretionary jury sentencing when the trial judge instructed the jury that
17  it must impose a 40 year sentence pursuant to a recidivist statute that was declared
18  unconstitutional during the pendency of petitioner's direct appeal, and the appellate court failed to
19  remand for resentencing. Id. at 347. The due process right recognized in Hicks is not violated
20  where the sentencing process accords with state law. Ross v. Oklahoma, 487 U.S. 81, 91 (1988)
21  (rejecting Hicks challenge because defendant "received all that was due under [state] law").

22      D.  The State Court's Ruling
23      The California Supreme Court denied the habeas petition without comment or citation.
24  Accordingly, in applying AEDPA this court asks whether there is any reasonable basis for the
25  state court's decision in light of clearly established federal law. Harrington v. Richter, 131 S. Ct.
26  at 786.

27      E.  Objective Reasonableness Under § 2254(d)
28      Petitioner identifies no U.S. Supreme Court precedent that specifies or even considers due

process constraints on a state court's determination whether multiple convictions arising from a single act may be considered separate prior offenses under a recidivist sentencing statute. Nor has petitioner identified any clearly established federal law that applies Hicks to an analogous situation. The court's independent research has identified no such precedent. When no Supreme Court precedent controls a legal issue raised by a habeas petitioner in state court, the state court's decision cannot be contrary to, or an unreasonable application of, clearly established federal law. Wright v. Van Patten, 552 U.S. 120, 125-26 (2008) (per curiam).

The broad due process principle recognized in Hicks does not support habeas relief on facts so far afield from Hicks itself, especially under AEDPA standards. In Gonzalez v. Wong, 667 F.3d 965 (9th Cir. 2011), cert. denied, 133 S.Ct. 1291 (2012), a capital habeas case, the petitioner claimed that his due process rights were violated by the prosecutor's statements at penalty phase regarding the jury's exercise of its discretion. The Court of Appeals addressed the claim as follows:

> . . . Gonzales has argued that the prosecutor's statements were in violation of state law and that in making these statements the prosecutor violated his constitutional right to have the jury exercise its discretion in the manner authorized by state law. He derives this principle from Hicks v. Oklahoma, 447 U.S. 343, 100 S. Ct. 2227, 65 L. Ed. 2d 175 (1980), which held that if a state guaranteed a defendant the right to have a jury decide his sentence, it was unconstitutional to deny him resentencing by a jury after the statute under which he was sentenced was deemed unconstitutional. . . .
>
> Gonzales reads Hicks too broadly. See Chambers v. Bowersox, 157 F.3d 560, 565 (8th Cir. 1998) (distinguishing Hicks and "reject[ing] the notion that every trial error, even every trial error occurring during the sentencing phase of a capital case, gives rise to a claim under the Due Process Clause"). In Hicks the defendant was denied his state law right to have a jury decide his punishment, which implicated issues of fundamental fairness. Hicks was not concerned with how a jury exercised its discretion. Here, regardless of the prosecutor's statements, the decision to impose death was still made, as required by state law, by a jury in the "exercise of its statutory discretion."

Gonzalez, 667 F.3d at 994-95.

Like the petitioner in Gonzalez, petitioner here reads Hicks too broadly. Petitioner was sentenced in accordance with California's three-strikes statute, in this case by a judge who considered the legal issues presented and exercised his discretion under the statute not to strike

8

1 one of the two prior strike convictions. Because Hicks "was not concerned with *how* the

2 [sentencer] exercised its discretion," id. at 995 (emphasis added), the state court's rejection of this

3 claim cannot have constituted an unreasonable application of Hicks.

4 Moreover, and also as in Gonzalez, petitioner relies on the erroneous proposition that he

5 was denied a right guaranteed to him by state law. See id. On appeal, petitioner challenged the

6 propriety of his third-strike sentence under California law, and the state courts affirmed his

7 sentence. This court is bound by the decision of the California courts on matters of state law.

8 McSherry v. Block, 880 F.2d 1049, 1052 (9th Cir. 1989) ("We are bound by th[e] state court's

9 construction of its own penal statute."). Accordingly, this court must accept the state court's

10 ruling that the two prior convictions could be counted as distinct strikes. Where sentencing

11 comports with the requirements of state law, there can be no due process violation under Hicks.

12 Ross v. Oklahoma, 487 U.S. at 91.

13 Furthermore, as respondent emphasizes, the state law rule that petitioner invokes is not a

14 statutory mandate as it was in Hicks but an intermediate appellate court ruling on a question

15 which has been the subject of conflicting lower state court opinions.[5] The California Supreme

16 Court has not endorsed the principle that petitioner espouses. See People v. Benson, 18 Cal. 4th

17 24, 36 & n.8 (1998) (holding that separate convictions arising from same course of conduct may

18 be counted as separate strikes, but leaving open the question whether separate convictions arising

19 from single act may be so counted). Accordingly, petitioner was not deprived of any sentencing

20 procedure guaranteed to him under state law.

21 This case is unlike Walker v. Deeds, 50 F.3d 670, 671-73 (9th Cir. 1995), on which

22 petitioner relies in his traverse. ECF No. 41 at 9-10. In Walker, a pre-AEDPA case, the court

23 found a due process violation under Hicks where the trial court failed to make findings that were

24 required by a state recidivist sentencing statute. Walker did *not* hold that the petitioner had a due

---

[5] Petitioner's own Points and Authorities emphasize that the holding of People v. Burgos, 117 Cal. App. 4th 1209 (2004), on which he relied in the sentencing court, was rejected by People v. Scott, 179 Cal. App. 4th 920 (2009), the correctness of which he disputes. ECF No. 26-1 at 14-21. This argument only serves to highlight that the question is unsettled. Petitioner can have no federally-protected liberty interest in a rule that remains unsettled.

1   process right to any particular findings related to the sentencing determination.  Rather, the
2   petitioner in Walker expressly challenged "the *procedure* by which he was sentenced under
3   Nevada's habitual offender statute." Id. at 672 (emphasis added).  Petitioner here identifies no
4   denial of any procedural protection afforded him by California's three-strikes law.  The
5   sentencing judge was aware of the discretion granted to him to dismiss prior strikes, and
6   considered petitioner's motions to do so.  See CT 38-49, 94, 155-67; RT 36-44.  Petitioner
7   disputes the substantive correctness of the trial court's rulings on those motions, rather than
8   alleging as in Walker that the trial court failed to follow required sentencing procedures.

9         For all these reasons, the state court's denial of petitioner's Hicks claim does not
10  constitute an objectively unreasonable application of federal law.  The AEDPA accordingly bars
11  relief.

12                F.   The Result Is The Same Under De Novo Review

13        Petitioner fares no better under the de novo standard of review that would apply if the
14  Hicks claim was not adjudicated by the state court's denial of petitioner's ineffective assistance
15  claim and § 2254(d) therefore did not apply.  See Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir.
16  2002).  As previously explained, Hicks recognizes a due process right to sentencing procedures
17  that are guaranteed by state law, including the exercise of sentencing discretion.  Petitioner seeks
18  application of a substantive sentencing rule – that separate prior convictions arising from a single
19  act may only constitute one "strike" – which is not guaranteed by California statute or mandated
20  by the state's highest court.  The rule therefore cannot give rise to a federally protected liberty
21  interest.  Petitioner was sentenced according to the procedures specified by California statute, and
22  the state courts who are the sole arbiters of that law have determined that petitioner's sentence is
23  both procedurally and substantively sound.  Accordingly, no cognizable federal due process claim
24  is presented.  See  Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation
25  of state law, including one announced on direct appeal of the challenged conviction, binds a
26  federal court sitting in habeas corpus."); Ross v. Oklahoma, 487 U.S. at 91 (no Hicks claim where
27  petitioner received all that was due under state law).

28        Because petitioner's sentencing judge did consider the options it had authority and/or

discretion to consider, <u>Hicks</u> is entirely inapposite. For the same reasons, <u>Walker v. Deeds</u>, <u>supra</u>, is also inapposite. Petitioner's quarrel with the counting of his strikes does not present a colorable claim of a due process violation. This claim should be denied under any standard of review.

    II.    <u>Claim Two: Eighth Amendment Claim</u>

        A.  <u>Petitioner's Allegations</u>

Petitioner contends that his 25-to-life sentence for a non-serious, non-violent offense constitutes cruel and unusual punishment in violation of the Eighth Amendment to the U.S. Constitution.

        B.  <u>Procedural Default</u>

Petitioner presented this claim on appeal. Before reaching the merits, the California Court of Appeal noted that the claim had been forfeited by failure to raise it in the trial court:

> A challenge to a sentence as cruel and unusual is a fact-specific issue that should be raised in the trial court. (<u>People v. DeJesus</u> (1995) 39 Cal. App. 4th 1, 27.) Defendant has therefore forfeited his right to press this claim on appeal.

Lodged Doc. 2 at 11.

Respondent contends that the claim is therefore procedurally barred. As a general rule, a federal habeas court "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." <u>Calderon v. United States District Court (Bean)</u>, 96 F.3d 1126, 1129 (9th Cir.1996) (citing <u>Coleman v. Thompson</u>, 501 U.S. 722, 729 (1991)); <u>cert. denied</u>, 520 U.S. 1204 (1997). To be "adequate," the rule must be clear, consistently applied, and well-established at the time of petitioner's purported default. <u>Calderon</u>, 96 F.3d at 1129. The fact that the state court alternatively ruled on the merits does not erase the effect of a procedural bar. <u>Harris v. Reed</u>, 489 U.S. 255, 264 n. 10 (1989).

Petitioner fails to demonstrate that the court may nonetheless consider his claim. He does not argue that California's contemporaneous objection rule is unclear, inconsistently applied or not well-established, either in general or in relation to Eighth Amendment claims. Nor does he

11

make any attempt to establish the cause and prejudice necessary to overcome a default, see Coleman v. Thompson, 510 U.S. at 750, or assert any other exception to application of the doctrine. See ECF No. 41 at 12.[6]  Accordingly, the claim is procedurally barred.

Even if petitioner could overcome his default, he would not be entitled to relief because his claim is meritless for the reasons now explained.

### C. The Clearly Established Federal Law

The Eighth Amendment prohibits not only "barbaric punishments," Solem v. Helm, 463 U.S. 277, 284 (1983), but also "extreme sentences that are 'grossly disproportionate' to the crime," Ewing v. California, 538 U.S. 11, 23 (2003) (quoting Harmelin v. Michigan, 501 U.S. 957, 1001 (1991) (Kennedy J., concurring)).  The Supreme Court has upheld California's three-strikes sentencing law against facial Eighth Amendment challenge. Ewing, 538 U.S. at 25-28. Accordingly, it is clearly established that a life sentence for a relatively minor offense committed by a recidivist does not per se violate the Eight Amendment. Id.  Individual claims that a third-strike sentence violates the Eighth Amendment are governed by proportionality principles that do not merely weight the sentence against the offense conduct, but also take into account the state's legitimate interest in dealing harshly with recidivists. Id. at 29-30.

The Supreme Court's Eighth Amendment jurisprudence clearly establishes that a "gross disproportionality principle" applies to sentences for terms of years. Lockyer v. Andrade, 538 U.S. 63, 72 (2003).  Such a sentence will only constitute cruel and unusual punishment in "rare and extreme case[s]." Id. at 73.  In Andrade, the Court rejected an Eighth Amendment claim brought by a habeas petitioner who had received a third-strike life sentence for shoplifting $150 worth of videotapes.  The Court held that the California Court of Appeal's decision affirming the sentence was not contrary to, nor an unreasonable application of, Eighth Amendment principles within the meaning of § 2254(d).

////

---

[6] Petitioner's only response to respondent's assertion of procedural default is to point out that the California Court of Appeal also decided the Eighth Amendment claim on the merits. Id.  The Supreme Court has specified that an alternative holding on the merits does not defeat an assertion of procedural default. Harris, 489 U.S. at 264 n. 10.

12

D. <u>The State Court' Ruling</u>

Petitioner's cruel and unusual punishment claim was raised on direct appeal. Because the California Supreme Court denied discretionary review, the opinion of the California Court of Appeal constitutes the last reasoned decision on the merits and is the subject of habeas review in this court. <u>See</u> <u>Ylst v. Nunnemaker</u>, 501 U.S. 797 (1991); <u>Ortiz v. Yates</u>, 704 F.3d 1026, 1034 (9th Cir. 2012).

On appeal, petitioner forwarded theories under both state and federal law. After rejecting petitioner's state law claim, the appellate court continued as follows:

> The result is the same with respect to defendant's claim based on federal law. "The Eighth Amendment [to the United States Constitution], which forbids cruel and unusual punishments, contains a 'narrow proportionality principle' that 'applies to noncapital sentences.'" (<u>Ewing v. California</u> (2003) 538 U.S. 11, 20 [155 L.Ed.2d 108, 117] (<u>Ewing</u>), quoting <u>Harmelin v. Michigan</u> (1991) 501 U.S. 957, 996-997 [115 L.Ed.2d 836, 866] (<u>Harmelin</u>).) "[T]he 'precise contours' of the proportionality principle 'are unclear'" and the principle is "applicable only in the 'exceedingly rare' and 'extreme' case." (<u>Lockyer v. Andrade</u> (2003) 538 U.S. 63, 72-73 [155 L.Ed.2d 144, 156].)
>
> <u>Ewing</u>'s application of the Eighth Amendment followed the proportionality principles identified in the concurring opinion of Justice Kennedy in <u>Harmelin</u>: "'the primacy of the [L]egislature, the variety of legitimate penological schemes, the nature of our federal system, and the requirement that proportionality review be guided by objective factors' -- that 'inform the final one: The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are "grossly disproportionate" to the crime.'" (<u>Ewing</u>, <u>supra</u>, 538 U.S. at p. 23 [155 L.Ed.2d at p. 119], quoting <u>Harmelin</u>, <u>supra</u>, 501 U.S. at p. 1001 [115 L.Ed.2d at p. 869] (conc. opn. of Kennedy, J.).)
>
> Applying these principles, the United States Supreme Court has upheld sentences of 25 years to life for one count of felonious grand theft with several felony and misdemeanor prior convictions, and 50 years to life for two counts of petty theft with prior theft convictions with a similar prior record, against claims that the sentences constituted cruel and unusual punishment. (<u>Ewing</u>, <u>supra</u>, 538 U.S. at p. 14 [155 L.Ed.2d at p. 113]; <u>Lockyer v. Andrade</u>, supra, 538 U.S. at pp. 70-77 [155 L.Ed.2d at pp. 154-159].) Defendant's current and prior crimes are more serious than those committed by the defendants in <u>Ewing</u> and <u>Andrade</u>. Thus, his claim that his sentence constitutes cruel and unusual punishment under the federal Constitution also fails.

13

Lodged Doc. 2 at 13-14.

### E. Objective Reasonableness Under § 2254(d)

The Court of Appeal did not unreasonably apply Ewing and Andrade. The disproportionality alleged in this case is not more severe than that presented in Ewing and Andrade, both of which involved indeterminate life sentences for nonviolent property offenses. Indeed, Andrade effectively forecloses petitioner's federal habeas claim by holding that it is not unreasonable under § 2254(d) for a California appellate court to affirm a third-strike life sentence for a non-violent property offense committed by a chronic recidivist.

The rare habeas cases that fall outside the scope of Andrade involve petitioners with minimal criminal histories, who were subjected to recidivist sentencing only because of an abuse of prosecutorial discretion. See Ramirez v. Castro, 365 F.3d 755 (9th Cir. 2004) (affirming grant of habeas relief on Eighth Amendment grounds where commitment offense and two prior strike offenses, petitioner's only previous convictions, all involved simple shoplifting). That is far from the case here. As the court of appeal correctly noted, both petitioner's offense of conviction and his prior crimes involved offenses more serious than those in Ewing and Andrade.

Although petitioner's commitment offenses do not qualify as "serious" or "violent" within the meaning of California's sentencing regime, the offense conduct was extremely dangerous to public safety and to human life. Petitioner drove on freeways at speeds of up to 110 miles per hour and residential streets at speeds up to 70 miles per hour. He wove in and out of traffic, and crashed into a number of other vehicles. After one collision, the hood of his car flew up and blocked his vision for the remainder of the pursuit. He continued to drive and crashed into another vehicle. See Lodged Doc. 2 at 2. This conduct is readily distinguishable from the theft offenses at issue in Ewing and Andrade.

Moreover, petitioner's prior strikes are far more serious than those in the cases where relief has been found available after Ewing. Petitioner was convicted of attempted murder, assault, and shooting at an occupied vehicle, all stemming from the same incident. The shooting followed a history of confrontations with the intended murder victim, which included petitioner's prior use of a gun. Lodged Doc. 2 at 3. The presentence report documented a serious criminal

history that began when petitioner was 12 years old and continued unbroken until the instant offense. RT 40-44 (sentencing judge's discussion of petitioner's criminal history). On this record it was not unreasonable of the state appellate court to characterize petitioner's offense and criminal history as more serious than those in Ewing and Andrade.

In light of this record, the court of appeal did not unreasonably weigh the proportionality factors. Because § 2254(d) barred relief in Andrade, which presented a stronger case of disproportionality, it cannot permit relief here. Because the state court's resolution of the issue was not objectively unreasonable, this claim should be denied even if it is not procedurally defaulted.

## CONCLUSION

For all the reasons explained above, the state courts' denial of petitioner's claims was not objectively unreasonable within the meaning of 28 U.S.C. § 2254(d). Accordingly, IT IS RECOMMENDED that the petition for writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-eight days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 5, 2014

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE